Carey S. WEATHERSBY, Plaintiff,

v.

**SECRETARY OF THE INTERIOR,**
Defendant.

No. CIV.A.02–141 JMF.

United States District Court,
District of Columbia.

Feb. 3, 2003.

As Amended Feb. 4, 2003.

Joel Paul Bennett, Washington, DC, for Plaintiff.

Mark E. Nagle, William Mark Nebeker, Roscoe Conklin Howard, Jr., U.S. Attorney's Office, Washington, DC, for Defendant.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

This case was referred to me by Judge Bates for all purposes including trial pursuant to LCvR 73.1(a). I herein resolve *Defendant's Motion for Summary Judgment.* For the reasons set forth below, defendant's motion for summary judgment will be denied.

### FACTS

There is no genuine issue as to the following material facts:

1. The position of Director, Office of Educational Partnerships, was announced under Vacancy Announcement WA–RS–9–2102 and was open from February 8, 1999, through March 8, 1999.

2. Plaintiff applied for the position but the selecting official, Mari Barr ("Barr"), cancelled the announcement.

3. The defendant issued a second announcement for this position with an opening date of May 13, 1999, and a closing date of May 27, 1999.

4. Plaintiff again applied for the position. The rater was Dolores Chacon ("Chacon"). She rated plaintiff an 11 out of a possible 50 and did not forward his name to Barr. Another person was selected.

5. In August 30, 2000, plaintiff applied for the position of Supervisory Appeals Analyst with the Minerals Management Service of the Department of the Interior.

6. Platte Clark, Geoffrey Heath, and Cathy Hamilton comprised the rating panel for the position of Supervisory Appeals Analyst and forwarded their ratings of the candidates to Walter Cruickshank, the selecting official, who ultimately chose someone other than the plaintiff.

### ANALYSIS

#### The Retaliation Claim

Defendant asserts that plaintiff cannot even make out a *prima facie* case of retaliation because he last engaged in protected activity in 1996 when he filed an action in this Court, claiming that the defendant engaged in racial discrimination. *Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment* ("D.Memo.") at 11. In a footnote anticipating plaintiff's contention, defendant indicates that plaintiff's affiliation with the National Association of Black Federal Employees ("Association") does not, without more, constitute protected activity.

In a declaration, plaintiff speaks of much more than an affiliation with the Association. He explains that he has served as Vice President and President of the Association. Furthermore, he indicates that several persons involved in the two nonselection decisions were well aware of his positions with the Association. More specifically, he states that Association officials, including himself, "met with Ms. Barr, Ms. Chacon and their supervisor, Mr. John Berry, complaining about Civil Rights violations and related problems in organizations within their jurisdictional authori-

ties." *Plaintiff's Memorandum of Points And Authorities In Opposition to Defendant's Motion for Summary Judgment* ("P.Opp.") at Exhibit L, ¶ 4.

As the court of appeals has explained, the retaliation provision of Title VII contains an opposition clause and a participation clause. *Parker v. Baltimore & Ohio R.R. Co.*, 652 F.2d 1012, 1018 (D.C.Cir.1981). The opposition clause, barring retaliation against an employee "because he has opposed any practice made an unlawful employment practice,"[1] protects any employee who demonstrates a good faith, reasonable belief that the practice he opposed violates Title VII. *Id.*, at 1020. By asserting that the very people who made the decision as to the first vacancy (Barr and Chacon) were aware of his complaints about "Civil Rights" violations, plaintiff easily meets his burden of establishing a *prima facie* case that he engaged in protected activity and his doing so was the cause of his rejection. Whether the persons who rejected him were so motivated and whether his complaints were in good faith are genuine issues of fact.

## Rejection For The Position of Director, Office of Educational Partnership

Defendant's assertion that there is no genuine issue that Mary Barr "had a legitimate, non-discriminatory, non-retaliatory reason for not selecting plaintiff," D. Memo. at 16, becomes a train wreck when it hits the remarkable declaration of Ricar-do Dow y Anaya, who was offered the position instead of plaintiff. According to Anaya, the fix was in from the beginning. Barr told him that she had pre-selected him for the position and, when he did not make the Best Qualified List, Barr told him that "if [he] did not apply, she would have to interview a Black man [whom] she [did] not want to interview, but had to be interviewed because he had filed several discrimination complaints."[2] P. Opp. at Exhibit D, ¶ 7. Barr then cancelled the first vacancy announcement, issued a second, enlisted Chacon in the pre-selection scheme, made sure that the interviews were a charade, and selected Anaya.

If a jury believes that, there will be a rare thing: direct evidence of a discriminatory and retaliatory motive. Additionally, the jury, having found that Barr's reason for selecting Ananya was a sham, could then infer that the real reason was either discriminatory or retaliatory or a combination of both. *Weidel v. Ashcroft*, 234 F.Supp.2d 5, 6 (D.D.C.2002). Surely, the Anaya declaration creates a genuine issue of material fact as to Barr's motive. If it didn't, one wonders what would.

## Rejection For The Position of Supervisory Appeals Analyst

A three person rating panel scored the applicants, including plaintiff, for this position using a crediting plan with five specific categories.[3] In 1997, plaintiff had named Mr. Platte Clark ("Clark"), a mem-

---

**1.** 42 U.S.C.A. § 2000e–3 (1994).

**2.** The government, for the first time, argued at the pretrial conference that the African–American referred to by Barr was Mr. Claude Thomas, and that plaintiff did not have a viable discrimination complaint because he never made the best qualified list. That argument comes too late to consider in the government's motion for summary judgment. However, it is a significant issue which will have to be resolved at trial.

**3.** It must be noted that at the pretrial conference, defendant argued that had Clark's scores been deleted from the ratings of plaintiff's application, he still would not have gotten the job. However, that argument ignores plaintiff's basic assertion that the scores themselves were the product of racial discrimination.

ber of the panel, as an alleged discriminating official in one of the complaints he had filed.

The defendant asserts that there is no genuine issue of material fact that:

The rating panel determined each candidates's score in a legitimate, non-retaliatory, non-discriminatory way by scoring each candidate's application against the job criteria set forth in the crediting plan.

*Statement Of Material Facts As To Which There Is No Genuine Issue,* at ¶ 33.

Unfortunately, that assertion begs the question presented. First, plaintiff proffers the opinion of an expert in personnel management who opines that Clark admittedly relied on his personal experience working with plaintiff which is a deviation from the requirement that the rating panel rely only on the material submitted by the applicants. P. Opp. at Exhibit C. That deviation, if credited by the jury, would permit the inference that Clark, formerly accused of discrimination by plaintiff, was animated by a retaliatory motive.

Second, unlike a plaintiff who merely claims that he has submitted a documented explanation of why his qualification were superior to the person who got the job,[4] plaintiff has submitted a well documented explanation why his rating on each of the criteria the panel used was erroneous. P. Opp. at Exhibit I. That showing, if credited, would defeat defendant's claim of a legitimate reason for the rating plaintiff received and allow for the jury to find that the ratings were so erroneous that they were a pretext for discrimination or retaliation.

**Exhaustion of Administrative Remedies**

The parties quarrel over whether plaintiff had an obligation to exhaust his administrative remedies within 45 days of the initial cancellation of the withdrawal of the first vacancy announcement. I am afraid I do not see the significance of this quarrel at this point in the case.

I intend to submit the question of whether plaintiff was discriminated against or subject to retaliation when the vacancy announcement was withdrawn to the jury. If the jury answers "no," whether or not plaintiff exhausted his administrative remedies is moot. If the jury answers "yes," the verdict form will direct them to then answer whether plaintiff was discriminated against or subject to retaliation when Dr. Anaya was selected for the position. If that answer is "no," the exhaustion question is academic. If the answer is "yes," the only significance will be for the date I choose to start any back pay award. At that point, I will consider whether plaintiff failed to exhaust his administrative remedies and, if he did, its significance on any back pay award.

An Order accompanies this Memorandum Opinion.

### ORDER

In accordance with the accompanying Memorandum Opinion, it is, hereby,

**ORDERED** that *Defendant's Motion for Summary Judgment* [# 22] is **DENIED.**

**SO ORDERED.**

4.  *Cf. Harding v. Gray,* 9 F.3d 150 (D.C.Cir.    1993).